IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL T. COCHRAN, )
)
        Plaintiff, )
)
v. )   Case No. 17-1127-EFM-GEB
)
CITY OF WICHITA, KANSAS, et al., )
)
        Defendants. )
)

## ORDER

This matter is before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 3) and his Motion for Appointment of Counsel (ECF No. 4). On August 23, 2017, the Court held an in-person hearing to discuss all currently pending motions. Plaintiff appeared in person. For the reasons outlined below, Plaintiff's Motion to Proceed without Prepayment of Fees (**ECF No. 3**) is **GRANTED** and his Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED**.

**I.**    **Motion to Proceed *In Forma Pauperis* (ECF No. 3)**

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499-KHV-DJW, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. 1999)).

otherwise.'"[2] When considering such an application, the court must neither act arbitrarily nor deny the application on erroneous grounds.[3] Generally, the court compares an applicant's monthly income to his or her monthly expenses to determine whether the applicant lacks the financial ability to pay.[4] The decision whether to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the court.[5]

A careful review of Plaintiff's affidavit of financial resources reveals he is currently homeless and unemployed, with *de minimis* cash reserves. Applying this Court's "liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens,"[6] the Court finds he is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees **(ECF No. 3)** is **GRANTED.** Because Plaintiff proceeds *in forma pauperis*, service of process would normally be promptly undertaken by the clerk of court under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). However, in light of this Court's order, filed simultaneously with this order, requiring Plaintiff to file an amended

---

[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).
[3] *Baldwin v. City of Osawatomie, Kan.*, No. 07-1097-WEB, 2007 WL 1652145, at *1 (D. Kan. June 7, 2007) (internal citation omitted).
[4] *See Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002) (comparing the plaintiffs' monthly household income to their monthly expenses) (citing *Buggs v. Riverside Hospital,* No. 97–1088-WEB, 1997 WL 321289, at *8 (D. Kan. April 9, 1997)).
[5] *Baldwin*, 2007 WL 1652145, at *1; *see Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).
[6] *United States v. Barwig*, No. 05-10155-JTM, 2008 WL 2066523, at *1 (D. Kan. May 13, 2008), and *Jenkins v. Kansas*, No. 16-1370-EFM-KGG, 2016 WL 5411672, at *1 (D. Kan. Sept. 28, 2016) (both cases citing *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).

complaint (Order Directing Plaintiff to File an Amended Complaint, ECF No. 7), the **clerk is directed to stay service of process** pending Plaintiff's filing of an amended complaint and the Court's review of the amendment.[7]

## II. Motion for Appointment of Counsel (ECF No. 4)

Although a criminal defendant has a constitutional right to representation by an attorney, there is no constitutional right to counsel in a civil action such as this one.[8] However, in its discretion, the "court may request an attorney to represent any person unable to afford counsel" pursuant to 28 U.S.C. § 1915(e)(1) for a litigant proceeding *in forma pauperis*.[9] When evaluating whether to appoint counsel, the court considers multiple factors, including (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of the legal issues raised by the claims.[10] The court also considers the movant's diligence in attempting to secure counsel.[11] Thoughtful and prudent care in appointing representation is necessary so that willing counsel may be located.[12] The court has an obligation not to make indiscriminate appointments on every occasion that a

---

[7] *See Webb v. Vratil*, No. 12-2588-EFM-GLR, ECF No. 7 (D. Kan. Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)).
[8] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).
[9] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district "court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis*" under 28 U.S.C. § 1915(e)(1)).
[10] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). *See also Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992) (applying similar factors in the context of a request for counsel in an employment discrimination case under 42 U.S.C. 2000(e)–5 and 28 U.S.C. § 1915).
[11] *Adkins v. Kansas Comm'n on Judicial Qualifications*, No. 11-4109-SAC-KGS, 2011 WL 13133967, at *1 (D. Kan. Sept. 22, 2011) (citing *Castner*, 979 F.2d at 1420).
[12] *Castner*, 979 F.2d at 1421.

plaintiff seeks court-ordered counsel,[13] particularly in light of the expanding federal court dockets, increased filings by pro se parties, and decreasing number of attorneys willing to accept appointments.[14]

Although Plaintiff did not complete his Motion for Appointment of Counsel by identifying, as required, attorneys with whom he consulted prior to filing his motion (ECF No. 4 at 2-3), he has sufficiently demonstrated diligence in seeking counsel. In paragraph 26 of his Complaint, he outlines some history of his attempts to secure counsel (ECF No. 1, at 16). Additionally, during the August 23 hearing, Plaintiff described his efforts to locate counsel.

After careful consideration, however, the Court declines to appoint counsel to represent Plaintiff at the present time. Although the Court is satisfied he is both unable to afford counsel and has sufficiently demonstrated diligence in searching for counsel, the Court is unable to fully evaluate the remaining factors. The merits of Plaintiff's claims are not facially apparent from the information presented in the Complaint, and although his Complaint is overly verbose,[15] at this stage, Plaintiff has demonstrated no reason why he is unable to adequately present the case on his own. He was articulate and responsive during the Court's August 23 hearing. That said, the Court recognizes that "its perception of the merits and other factors relevant to the issue of appointment of counsel

---

[13] *Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997).
[14] *See Sause v. Louisburg Police Dept*., No. 15-9633-JAR-TJJ, ECF No. 16 (D. Kan. Jan. 6, 2016).
[15] *See* Order, ECF No. 7, requiring Mr. Cochran to file an amended Complaint which articulates a "short and plain statement" of his claims pursuant to Fed. R. Civ. P. 8.

may vary"[16] as the case progresses. Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[17] Postponing a decision to appoint counsel will allow the Court to gain more information about both the merits of the claims and Plaintiff's ability to present his case.[18] Therefore, the motion for appointment of counsel shall be **DENIED** without prejudice to the filing of a similar motion at a later time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 23rd day of August 2017.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[16] *Jones v. Maritz Research Co.*, Case No. 14-2467-SAC-GLR, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014).
[17] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998) (internal citations omitted)).
[18] *Jones*, 2014 WL 6632929, at *3 (citing *Ficken,* 146 F.3d at 981).