# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL T. COCHRAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-1127-EFM-GEB |
| ) | |
| CITY OF WICHITA, KANSAS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER DIRECTING PLAINTIFF
## TO FILE AN AMENDED COMPLAINT

Simultaneous with the filing of this order, the Court granted Plaintiff's request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 6.) However, the authority to proceed without payment of fees is not without limitation. When reviewing an *in forma pauperis* application under 28 U.S.C. § 1915, sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.[1] Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[2] After application of these standards, Plaintiff is ordered to file an amended complaint to avoid a recommendation of dismissal for the reasons set forth below.

---

[1] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).
[2] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).

**Background**[3]

Plaintiff Michael T. Cochran describes himself as homeless, and contends he is in Wichita, Kansas, under duress. Although he does not describe himself as a resident of Wichita or the State of Kansas, he admits having been in Kansas since August 2015.

In August 2015, Plaintiff set up a tent with his belongings on top of a hill in north-central Wichita. After remaining in that location for six or seven months, he returned from a temporary work assignment to find his belongings largely missing, save some broken tent stakes and rope. Plaintiff was forced to find shelter at a local "over-flow winter shelter." (ECF No. 1 at 10). Since being involuntarily removed from the location, Plaintiff asserts his civil rights have been violated in a myriad of vague ways by the named defendants.

Plaintiff names a total of 51 defendants in his 153-page Complaint, including: the City of Wichita, the Wichita City Council, City mayor and City Manager (Defs. 1-9)[4]; three members of the City of Wichita's City Prosecutor's office (Defs. 10-12); multiple members of the Wichita Police Department (Defs. 13-26, 32-33); five City of Wichita Municipal Court Judges (Defs. 27-31); multiple members of the Wichita local media, including KAKE News, the Wichita Eagle newspaper, and KWCH News (Defs. 34-40, 44-45); members of the Meads Neighborhood Association (Defs. 41-42); Kansas State

---

[3] Unless otherwise indicated, the facts recited in this section are taken from Plaintiff's Complaint (ECF No. 1).

[4] The defendants are assigned numbers, for the purpose of clarity, in the order in which they appear in Plaintiff's Complaint (ECF No. 1), beginning with the City of Wichita (ECF No.1, at ¶I.B) as well as the order they currently appear on the Court's electronic case filing system.

Representative Jim Ward (Def. 43); Inter-Faith Ministries/Catholic Charities (Def. 46); and five individuals bearing some relationship to Inter-Faith Ministries (Defs. 47-51).

Plaintiff's specific claims against each individual defendant are unclear, as discussed below. As for his request for relief, in the final pages of his Complaint, he asks that the City ordinances named in the Complaint be repealed; that the Wichita Police Department be restrained from enforcing the ordinances; that the City defendants be ordered to remove all "propaganda"; that criminal charges against the defendants be referred to the United States Attorney's office; and he seeks multiple categories of monetary damages.

**Discussion**

After review of the Complaint filed by Mr. Cochran, this Court finds the document, on its face, does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a Complaint to contain:

1) a *short and plain statement* of the grounds for the court's jurisdiction . . . ;
2) a *short and plain statement* of the claim showing that the pleader is entitled to relief; and
3) a demand for the relief sought.[5]

Rule 8 requires a plaintiff to state his claims "with brevity, conciseness, and *clarity*."[6] The complaint itself has two primary purposes: 1) to give the opposing parties fair notice of the basis for the claims against them so that they may respond, and 2) to allow the

---

[5] Fed. R. Civ. P. 8(a)(1)-(3) (emphasis added).
[6] *Green v. Am. Family Mut. Ins. Co.*, No. 15-1288-EFM-KGG, 2016 WL 913151, at *2 (D. Kan. Mar. 9, 2016) (emphasis in original) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1215, 165 (3d ed. 2004)).

court to determine whether the allegations, if proven, demonstrate the plaintiff is entitled to relief.[7]

But Plaintiff's Complaint is neither brief nor concise. He clearly names and numbers the defendants in Section I of his Complaint, and in Section II, his jurisdictional statement is straightforward. He asserts the federal court has original jurisdiction of his claims under 28 U.S.C. § 1331—because he claims the case arises under the Constitution and laws of the United States; and 28 U.S.C. § 1343(a)—because he seeks damages resulting from violations of his civil or equal rights. But the lack of clarity in his Statement of Claims, found in Section III of the Complaint, makes it impossible for the Court to assess whether it truly has jurisdiction over (in other words, power to hear) Plaintiff's claims.

Plaintiff's Statement of Claims spans approximately 145 pages and is, at best, difficult to decipher. Included are portions of city ordinances, multiple links and excerpts from online media articles, and Wichita Police Department policies; all interspersed with paragraphs outlining dates and events. He also includes a nearly 70-page section entitled "Criminal Charges" (ECF No. 1, at p. 78) which consists of a number of federal criminal statutes outlining what he perceives as the defendants' criminal deprivation of his rights, obstruction of justice, conspiracy, retaliation against him as a witness (ECF No. 1, at pp. 79, 94, 101, 109, 125, 130, 141). However, as a private citizen, Plaintiff has no authority

---

[7] *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Assn. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).

to bring a criminal case.[8]  With regard to his claims of violations of his civil or equal rights, it is not at all clear which specific claims Plaintiff is asserting against which named defendants, and what alleged conduct gives rise to each claim.

A party is not required to provide all evidence supporting his claims in his Complaint; he must only provide a short and plain statement, which provides notice to the defendants of the claims they must defend.[9]  But the sheer length of Plaintiff's Complaint makes it unintelligible "by scattering and concealing in a morass of irrelevancies the few allegations that matter."[10]  Defendants are "prejudiced by having to respond to pleadings as wordy and unwieldy"[11] as Plaintiff's Complaint is, in its current form.  And it is simply "not the district court's job to stitch together cognizable claims for relief"[12] from a pro se plaintiff's deficient pleading.

Rather than recommending his claims for dismissal, however, the Court extends latitude to Plaintiff as a pro se litigant, and will permit Plaintiff the opportunity to amend his Complaint to fully comply with Rule 8.  Plaintiff must conform his amendment to the

---

[8] *Noel v. Elliot*, No. 12-3116-SAC, 2012 WL 2120761, at *1 (D. Kan. June 12, 2012) ("As a private citizen, plaintiff simply has no authority to prosecute criminal charges.") (citing *Andrews v. Heaton,* 483 F.3d 1070, 1076 (10th Cir. 2007) and *Mamer v. Collie Club of America, Inc.,* 229 F.3d 1164, *2 (Table)(10th Cir. 2000)("private citizens cannot prosecute criminal actions")).
[9] *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (noting "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted.  Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.")(citing *McHenry v. Renne,* 84 F.3d 1172, 1180 (9th Cir. 1996)).
[10] *Id*.
[11] *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1162–63 (10th Cir. 2007) (citing *Mann v. Boatwright,* 477 F.3d 1140, 1148 (10th Cir. 2007); *Knox v. First Sec. Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952)).
[12] *Mann*, 477 F.3d at 1148.

"short and plain" statement required under Rule 8, meaning his amended complaint must do the following:

- specifically explain what each named defendant did to him;
- when each defendant did it;
- how each defendant's action harmed him; and,
- what specific legal right Plaintiff believes each defendant violated.[13]

A suggested form of Civil Complaint is attached hereto as an Exhibit to this Order, and is available electronically at http://www.ksd.uscourts.gov/forms/?f=2#item_2.

**IT IS THEREFORE ORDERED** that by no later than **October 25, 2017,** Plaintiff must file an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this Order.

**IT IS FURTHER ORDERED** that, although Plaintiff will be notified of this Order through the Court's electronic filing system, a paper copy of the Order will also be available for Plaintiff to retrieve from the clerk's office on August 25, 2017.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 23rd day of August 2017.

                                              s/ Gwynne E. Birzer
                                              GWYNNE E. BIRZER
                                              United States Magistrate Judge

---

[13] *Id*. at 1163.