# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL T. COCHRAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-1127-EFM-GEB |
| | ) |
| CITY OF WICHITA, KANSAS, et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This matter comes before the Court on Plaintiff's Motion for Extension of Time to File his Amended Complaint (**ECF No. 9**) and his Amended Motion for Extension of Time to File his Amended Complaint (**ECF No. 11**). Plaintiff proceeds pro se and was granted the ability to proceed *in forma pauperis* in this action (Order, ECF No. 6). After an August 23, 2017 hearing during which Plaintiff appeared in person, the Court ordered him to file an amended complaint by October 25, 2017, to avoid a recommendation of dismissal (ECF No. 7).

In that Order, the Court encouraged Plaintiff to use the Court's standard Civil Complaint form, a copy of which was attached to the Order (ECF No. 7-1). Plaintiff was specifically informed that Fed. R. Civ. P. 8 requires him to state his claims "with brevity, conciseness, and *clarity*."[1] In both the hearing, and in the Order, the Court warned Plaintiff about the lack of clarity, verbosity, and the naming of unnecessary defendants in

---

[1] *Green v. Am. Family Mut. Ins. Co.*, No. 15-1288-EFM-KGG, 2016 WL 913151, at *2 (D. Kan. Mar. 9, 2016) (emphasis in original) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1215, 165 (3d ed. 2004)).

his original Complaint.  Additionally, Plaintiff was cautioned that, as a private citizen, he has no authority to bring a criminal case.[2]  But in his attachment to his Motions for Extension of Time (*see* "Notice of Intent", ECF Nos. 9 and 11, Ex. A), he includes considerable excerpts from the text of multiple criminal statutes and informs the court and potential parties of his intent to file criminal charges.  Plaintiff is cautioned that any attempt to do so is likely to be dismissed.

The Court encourages Plaintiff to review, *very carefully*, the requirements established in its previous Order (ECF No. 7).  Given the length of time this case has been on file, and the lack of progress thus far, Plaintiff's requests for extension of time are **GRANTED IN PART**, in that he will be permitted additional time to file his amended pleading.  However, his Motions are **DENIED IN PART**, in that he will only be permitted 30 additional days—rather than the 60 days he seeks—in which to file his Amended Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time to File Amended Complaint (**ECF No. 9**) and his Amended Motion for Extension of Time to File Amended Complaint (**ECF No. 11**) are **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff must file his Amended Complaint **on or before November 27, 2017**.  No further extensions will be granted.

---

[2] *Noel v. Elliot*, No. 12-3116-SAC, 2012 WL 2120761, at *1 (D. Kan. June 12, 2012) ("As a private citizen, plaintiff simply has no authority to prosecute criminal charges.") (citing *Andrews v. Heaton,* 483 F.3d 1070, 1076 (10th Cir. 2007) and *Mamer v. Collie Club of America, Inc.,* 229 F.3d 1164, *2 (Table)(10th Cir. 2000)("private citizens cannot prosecute criminal actions")).

**IT IS SO ORDERED.**

Dated this 16th day of October, 2017.

                                                    s/ Gwynne E. Birzer
                                                  GWYNNE E. BIRZER
                                                  United States Magistrate Judge