# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL T. COCHRAN,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) Case No. 17-1127-EFM-GEB<br>) |
| **CITY OF WICHITA, KANSAS, et al.,** | )<br>) |
| **Defendants.** | )<br>)<br>) |

## ORDER

This matter is before the Court on Plaintiff's second motion for appointment of counsel. **(ECF No. 14)**. Plaintiff filed his first motion for appointment of counsel on June 5, 2017. (ECF No. 4). The Court denied this motion without prejudice because it was unable to consider both the merits of Plaintiff's claims and his ability to present those claims due to the convoluted and unwieldly nature of the 153-page Complaint. (Order, pp. 3-5, ECF No. 6). In a separate order, the Court directed Plaintiff to file a more manageable amended complaint or face recommendation of dismissal. (Order Directing Plaintiff to File an Amended Complaint, ECF No. 7). On November 20, 2017, along with filing his second motion for appointment of counsel, Plaintiff filed an Amended Complaint (ECF No. 15). For the reasons outlined below, Plaintiff's second motion for appointment of counsel **(ECF No. 14)** is **DENIED** without prejudice.

In general, there is no constitutional right to appointment of counsel in a civil case.[1] However, for parties proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to appoint "an attorney to represent any person unable to afford counsel."[2] When evaluating whether to appoint counsel, the court considers multiple factors, such as (1) the merits of the litigant's claims, including the nature and complexity of those claims; (2) the litigant's ability to present his claims; (3) the litigant's financial ability to pay an attorney; and (4) the litigant's diligence in attempting to secure an attorney.[3] The party seeking counsel under § 1915(e)(1) has the burden "to convince the court" that asserted claims have sufficient merit to warrant the appointment of counsel.[4]

Thoughtful and prudent care in appointing representation is necessary so that willing counsel may be located.[5] The court has an obligation not to make indiscriminate appointments on every occasion that a plaintiff seeks court-ordered counsel,[6] particularly in light of the expanding federal court dockets, increased filings by pro se parties, and decreasing number of attorneys willing to accept appointments.[7]

---

[1] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).
[2] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district "court has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis" under 28 U.S.C. § 1915(e)(1)).
[3] *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992).
[4] *Jones v. Maritz Research Co.*, No. CIV.A. 14-2467-SAC, 2014 WL 6632929, at *1 (D. Kan. Nov. 21, 2014) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir.2004)).
[5] *Castner*, 979 F.2d at 1421.
[6] *Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997).
[7] *Camick v. Holladay*, No. 17-1110-EFM-GEB, 2017 WL 4099472, at *2 (D. Kan. Sept. 14, 2017).

After careful consideration, the Court declines to appoint counsel to represent Plaintiff. The third factor outlined above has been satisfied as shown by the Court's previous order allowing Plaintiff to proceed in this action without payment of fees. (Order, ECF No. 6, pp. 1-3). The fourth factor has also been satisfied as Plaintiff described his efforts to locate counsel in an August 23, 2017 hearing before the Court. (Order, ECF No. 6, p. 4).

The Court, however, is still unable to consider the first two factors. While Plaintiff did file an Amended Complaint (ECF No. 15), it spans 277 pages when including exhibits and is no more clear or manageable than his original Complaint. The Court is therefore unequipped to consider the merits, nature and complexity of Plaintiff's claims and his ability to present those claims based on the Amended Complaint. In fact, the Court is simultaneously filing a Report and Recommendation suggesting dismissal of the Amended Complaint without prejudice due to Plaintiff's failure to comply with the "short and plain statement" requirements of Fed. R. Civ. P. 8. For these reasons, the motion for appointment of counsel shall be denied without prejudice.[8]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 24**) is **DENIED** without prejudice.

---

[8] *See, e.g., Jones v. Maritz Research Co.*, 2014 WL 6632929, at *1-3 (complaint provided insufficient basis to find action had sufficient merit to warrant appointment of counsel); *Jackson v. U.S. Dep't of Army*, No. 14-4034, 2014 WL 2761142, at *2 (D. Kan. June 18, 2014) (denying motion to appoint counsel due to concerns about merits of plaintiff's complaint); *Stanton v. Unknown Agent*, No. 17-2120-DDC-KGG, 2017 WL 880419, at *3 (D. Kan. Mar. 6, 2017) (denying motion for appointment of counsel without prejudice due to recommending dismissal of the complaint).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 4th day of April 2018.

                                               s/ Gwynne E. Birzer
                                               GWYNNE E. BIRZER
                                               United States Magistrate Judge